Tomas Espinosa, Esq.

# EXHIBIT # 8

Wilmington Savings Fund Society FSB et al. v.

Garden Plaza, Garden Plaza Construction Enterprises, LLC, Sam Halpern et al

Passaic AMENDED Complaint

PAS-L-1343-19

Filed 06/28/2019

Kathleen M. Massimo, Esq. (State Bar No.: 023722009)
Alina Levi, Esq. (State Bar No.: 104802014)
HOUSER & ALLISON, APC
60 East 42nd Street, Suite 1148
New York, New York 10165
T: 212.490.3333 | F: 212.490.3332
alevi@houser-law.com
*Attorneys for Wilmington Savings Fund Society,*
*FSB, as Trustee of Stanwich Mortgage Loan Trust A*

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, <br><br> Plaintiff, <br><br> - against – <br><br> Simon Zarour; Garden Plaza a/k/a Garden Plaza Construction Enterprises LLC; Sam Halperin; John Doe #1 through John Doe #10, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the persons, or corporations, if any, having or claiming an interest in or control over the documents described in the complaint, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br><br> PASSAIC COUNTY LAW DIVISION <br><br> Docket No.: PAS-L-001343-19 <br><br> CIVIL ACTION <br><br> **AMENDED COMPLAINT** |

Plaintiff, Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Plaintiff"), by and through their attorneys, Houser & Allison, APC, as and for its Complaint against Defendants Simon Zarour, Garden Plaza a/k/a Garden Plaza Construction Enterprises LLC, Sam Halperin, John Doe #1 through John Doe #10, the last ten names being fictitious and unknown to Plaintiff, the persons or parties intended being the persons, or corporations, if any, having or claiming an interest in or control over the documents described in the complaint (collectively "Defendants"), alleges as follows:

1

**Nature of Action**

1. This action seeks a Writ of Replevin ordering Defendants to surrender possession to Plaintiff of certain original loan documents legally owned by Plaintiff and currently in the possession and control of Defendants ("Origination Documents").

2. Specifically, Plaintiff's documents consist of an original note dated June 16, 2006 in the principal amount of $368,000.00 executed by non-party Dina Zarour ("Zarour") and the accompanying mortgage dated June 16, 2006 given by Zarour and non-party Fakhry Zarour ("Mr. Zarour") in favor of First National Bank of Arizona. By refusing to return the Origination Documents to Plaintiff, Defendants willfully or negligently have deprived Plaintiff of its right to possession of the Origination Documents.

3. Defendants Garden Plaza and Sam Halperin asserted that they were in possession and control of the Origination Documents as recently as June 13, 2019 in the United States Bankruptcy Court for the District of New Jersey. Plaintiff has made repeated demands for the return of these documents, but Defendants have refused.

4. Defendant Simon Zarour swore in an Affidavit filed in his bankruptcy matter in the United States Bankruptcy Court for the Southern District of New York (Case No. 18-22380-RDD) that he received the Origination Documents from Garden Plaza's sole member, Sam Halperin, on June 14, 2019, and is now the holder of the Origination Documents.

5. Plaintiff seeks the entry of a Temporary Restraining Order ("TRO") maintaining the status quo and restraining Defendants, and any persons acting in concert with them, from damaging, destroying, moving, tampering with, conveying, or otherwise injuring the Origination Documents.

## The Parties

6.  Plaintiff is Delaware Corporation having a place of business at 500 Delaware Avenue, Wilmington, Delaware 19801 acting as trustee and not in its corporate capacity.

7.  Upon information and belief, Defendant Garden Plaza ("Garden Plaza") is a business entity solely owned and controlled by Defendant Sam Halperin.

8.  Upon information and belief, Defendant Garden Plaza Construction Enterprises LLC ("Garden Plaza") is the legal name of the domestic limited liability company owned and controlled by Defendant Sam Halperin, with an expired filing office address of 308 Center Street, Lakehurst, New Jersey 08733-3007. Since service could not be completed on this address, Garden Plaza was served with process through the New Jersey Secretary of State at 33 West State Street, Trenton, New Jersey and the Office of the Attorney General, RJ Hughes Justice Complex, 25 Market Street, Box 080, Trenton NJ 08625-0080

9.  Upon information and belief, Defendant Sam Halperin ("Halperin") is an individual with the last known residence in Monsey, New York.

10. Upon information and belief, Defendant Simon Zarour is an individual with the last known residence in Spring Valley, New York.

## Facts Common to All Counts

11. On June 16, 2006, Zarour executed and delivered a note and mortgage in favor of First National Bank of Arizona ("Lender") in the amount of $368,000.00 secured by the property commonly known as 469 Passaic Avenue, Passaic, New Jersey 07055 ("Property").

12. The original note dated June 16, 2006 ("Note") was specifically indorsed by the Lender to First National Bank of Nevada, and in turn specifically indorsed the Note to Residential Funding Corporation. A true and correct copy of the note and mortgage are collectively attached as **Exhibit A** and is incorporated by this reference. Finally, the Note was indorsed in blank by

Residential Funding Corporation and Plaintiff is the last holder of the original Note (see **Ex A**, pg. 7).

13. By assignment of mortgage dated August 18, 2009, the Mortgage was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as a nominee for First National Bank Of Arizona to Bank of America, NA, successor by mercer [sic] to Countrywide Bank, FSB ("BOA") ("2009 AOM"). The 2009 AOM was recorded in the Office of the Clerk of Passaic County on October 8, 2009 in Instrument Number 2009055936.

14. By assignment of mortgage dated April 3, 2014, the Mortgage was assigned by BOA to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 ("Christiana") ("2014 AOM"). The 2014 AOM was recorded in the Office of the Clerk of Passaic County on April 9, 2014 in Instrument Number 2014014379.

15. By assignment of mortgage dated February 9, 2016, the Mortgage was assigned by Christiana to Plaintiff ("2016 AOM"). The 2016 AOM was recorded in the Office of the Clerk of Passaic County on May 2, 2016 in Instrument Number 2016019217. True and correct copies of the 2009 AOM, 2014 AOM, and 2016 AOM are collectively attached as **Exhibit B** and is incorporated by this reference.

16. The Property was the subject of a foreclosure action in the Superior Court of New Jersey, Passaic County, Chancery Division under Docket No. F-027210-15 ("Foreclosure Action"). A true and correct copy of the Docket Report of the Foreclosure Action accessed on June 27, 2018 is attached as **Exhibit C** and is incorporated by this reference.

17. On January 5, 2017, Judge Thomas J. LaConte granted summary judgment to Wilmington in the Foreclosure Action and ordered Dina Zarour to return the Origination

4

Documents to Wilmington. A true and correct copy of the order granting summary judgment and order of final judgment is attached as **Exhibit E** and is incorporated by this reference. In disregard of this Court's order, the Origination Documents were not returned.

18. The Sheriff's Sale was stayed pending borrower Zarour's appeal and the bankruptcy proceeding (see **Ex C**).

19. On June 4, 2018, Plaintiff timely filed its Proof of Claim in Zarour's bankruptcy action asserting a secured claim in the amount of $664,040.05 ("Claim"). A true and correct copy of the Claim is attached as **Exhibit F** and is incorporated by this reference.

20. Defendant Garden Plaza objected to the Proof of Claim on August 15, 2018 and asserted for the first time that it had possession of the Origination Documents. Garden Plaza vaguely claims "acquisition and possession of the original instruments" following "subsequent chain of negotiation and physical possession of the note and mortgage." A true and correct copy of the Objection is attached as **Exhibit G** and is incorporated by this reference.

21. The sole ground cited in the Objection is that Garden Plaza is "the present mortgage and note holder for the Debtor's real property known as 469 Passaic[] Avenue, Passaic, New Jersey . . . . Garden Plaza's rights as the note-holder were vested as a transferee of the subject mortgage note and instrument for the Property prior to the present Bankruptcy Proceeding" (**Ex G**, ¶¶4-5).

22. Defendants Garden Plaza and Sam Halperin also filed an adversary complaint in Zarour's bankruptcy proceeding to assert its alleged rights to the Origination Documents. The adversary complaint was dismissed for failure to prosecute. A true and correct copy of the adversary complaint and the order dismissing the adversary proceeding is collectively attached as **Exhibit H** and is incorporated by this reference.

23. Then, on June 21, 2019, Plaintiff received an Order to Show Cause filed by counsel for Dina Zarour's son, Simon Zarour along with an attached Affidavit of Simon Zarour, stating that he found the Origination Documents on the door step in front of his mother Dina Zarour's home on August 18, 2016. See **Ex I** ¶3. Simon Zarour then swore that on August 22, 2016, he contacted Sam Halperin, the sole member of Garden Plaza, to settle an outstanding debt by giving him the Original Documents. See **Ex I** ¶6. Simon Zarour then swears that Sam Halperin was served with the initial Summons and Complaint in this action, and after receiving the Summons and Complaint, and being unable to enforce the Original Documents, Sam Halperin returned the Original Documents to Simon Zarour on June 14, 2019. See **Ex I** ¶8-9. Simon Zarour swore in his Affidavit that he is now the holder of the Original Documents. See **Ex I** ¶8; 10.

24. To date, the Origination Documents have not been returned to Carrington, Plaintiff's loan servicer, or to Plaintiff, despite demand.

25. Garden Plaza failed to set forth any evidence other than conclusory statements to establish that it is the present holder of the Origination Documents (see **Ex G**). On June 21, 2019, Simon Zarour stated in a sworn affidavit that he found the documents on the ground, handed them to Garden Plaza and then received then back from Garden Plaza on June 14, 2019. See **Ex I** ¶9.

26. Garden Plaza, Sam Halperin and Simon Zarour are not holders in due course.

### First Count (Replevin)

27. Plaintiff repeats the allegations in Paragraphs 1 to 23 as if set forth fully here.

28. Defendants control the Origination Documents.

29. Defendants wrongfully and unlawfully have prevented Plaintiff from regaining possession of the Origination Documents.

30. At all relevant times, Plaintiff has retained absolute title to the Origination Documents and the right to the exclusive possession of the Origination Documents pursuant to the

Assignments of Mortgage specified above and the pre-petition final judgment in foreclosure. All of Defendants' claims of being a holder in due course have been denied in federal bankruptcy court in New Jersey in Zarour's bankruptcy matter and in federal bankruptcy court in the Southern District of New York in Simon Zarour's bankruptcy matter.

31. Defendants' conduct has proximately caused and continues to cause damage to Plaintiff.

## Second Count (Conversion)

32. Plaintiff repeats the allegations in Paragraphs 1 to 28 as if set forth fully here.

33. At all relevant times, Plaintiff has retained absolute title to the Origination Documents and the right to the exclusive possession of the Origination Documents pursuant to the Assignments of Mortgage specified above and the pre-petition final judgment in foreclosure.

34. By refusing to return the Origination Documents to Plaintiff, Defendants willfully or negligently have deprived Plaintiff of its right to possession of the Origination Documents.

35. Defendants have exercised dominion over the Origination Documents in a manner inconsistent with Plaintiff's right of possession.

36. Defendants' conduct has proximately caused and continues to cause damage to Plaintiff.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

(a) a writ of replevin ordering the Defendants to immediately surrender possession of the Origination Documents; and

(b) the entry of a Temporary Restraining Order maintaining the status quo and restraining Defendants, and their officers, agents, employees, and attorneys, and any persons acting in concert with them and/or who receive actual notice of the

7

order by personal service or otherwise, from damaging, destroying, moving, tampering with, or otherwise injuring the Origination Documents until Plaintiff is able to secure the Origination Documents from Defendants' possession; and

(c)     awarding Plaintiff's costs of suit and attorney's fees as appropriate; and

(d)     awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: June 28, 2019                                    Respectfully submitted,

**HOUSER & ALLISON, APC**

/s/Alina Levi
By:     Alina Levi, Esq.
        Kathleen M. Massimo, Esq.
        60 East 42nd Street, Suite 1148
        New York, New York 10165
        T: 212.490.3333 | F: 212.490.3332
        *Attorneys for Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A, through Carrington Mortgage Services, LLC, servicer and attorney-in-fact*